UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Antonickah Aponte,

Plaintiff,

-against-

Bukhari Group LLC et al.,

Defendants.

25-cv-6139 (AS)

MEMORANDUM OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

**BACKGROUND**

This action was brought pursuant to the New York Labor Law and the Fair Labor Standards Act (FLSA). The parties advised the Court that they agreed to a settlement regarding the FLSA claims and submitted the executed settlement agreement and memorandum of law addressing why the settlement should be approved. Dkts. 27, 31.

The FLSA settlement's key terms are a release by Plaintiff Antonickah Aponte of any claims against Defendants related to this case in exchange for a payment of $30,000, $10,000 of which will be paid to Aponte's counsel for costs and attorneys' fees. Dkt. 31-1. The agreement does not contain a general confidentiality provision or a general release. *Id.*

**LEGAL STANDARDS**

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

When evaluating the fairness of a settlement agreement, district courts consider the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 335 (internal quotations omitted). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600.

## DISCUSSION

The Court has reviewed the motion, settlement agreement, damages calculations, billing records, and invoices. The Court has considered the factors set forth in *Wolinsky* and determines that the settlement and attorney's fees and costs are fair and reasonable.

### I. <u>Settlement</u>

First, as to the possible range of recovery, Aponte claims that her total recoverable amount is $92,069.00. Dkt. 31 at 2. Under the settlement, Aponte will receive $20,000.00 after attorneys' fees and costs. This is approximately 22% of Aponte's estimated maximum recovery. The Court finds that this amount is fair and reasonable, especially considering defendants' expected obligation to fund multiple class settlements and the subsequent concern that they would be unable to pay a greater settlement amount. *Id.* at 3; *see Zorn-Hill v. A2B Taxi LLC*, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement of approximately 25% of alleged damages and noting that "[s]everal courts have approved settlements that provide around one-quarter or one-third of total alleged damages").

Second, this case has not yet proceeded to discovery. If litigation were to continue, Aponte could face a motion to dismiss, discovery, a motion for summary judgment, and trial. A settlement at this stage will avoid the incurrence of additional litigation expenses and any litigation risk that Aponte faces in pursuing her claims at trial. *See Santos v. YMY Mgmt. Corp.*, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) ("In light of … the seriousness of the litigation risks, and the burdens of establishing each party's case at trial, the Court finds that the proposed settlement amount is fair and reasonable.").

Third, the settlement was negotiated over the course of "several months" and both sides were represented by counsel. Dkt. 31 at 3. Nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. And although the FLSA places "strict limits on an employee's ability to waive claims for fear that employers would otherwise coerce employees into settlement and waiver," *id.* at 335 (cleaned up), these concerns are not as relevant because Aponte no longer works for the defendants. Dkt. 31-1 at 1. *See, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (noting that plaintiffs are "no longer employees of the defendants," which "reduc[es] the danger that the release was obtained through improper job-related pressure").

The Court also notes that the settlement agreement includes a mutual non-disparagement clause. Dkt. 31-1 at 7. While non-disparagement clauses often run afoul of the FLSA, the non-disparagement clause here "include[s] a carve-out for truthful statements about plaintiffs' experience litigating their case." *Lazaro-Garcia v. Sengupta Food Servs.*, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The clause is therefore "proper given FLSA settlement practice in this District." *Miranda v. Grace Farms, Inc.*, 2022 WL 1771720, at *4 (S.D.N.Y. May 31, 2022); *see also Zorn-Hill*, 2020 WL 5578357, at *6.

## II. <u>Attorneys' Fees and Costs</u>

Aponte seeks approval of $10,000 in attorneys' fees and costs. Dkt. 31-1 at 3. The attorneys' fee represents approximately 33% of the $30,000 net settlement amount. *See Beckert v. Ronirubinov*, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."); *accord Morales v. MBG Taverns Inc.*, 2019 WL 13256262, at *1 (S.D.N.Y. June 24, 2019). The Court finds these fees to be reasonable.

First, courts in this Circuit have approved attorneys' fees of up to 35% of the recovery. *See Uribe v. Presitge Car Care of NY Inc.*, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023) (approving FLSA settlement where the plaintiff's counsel received 36% of the settlement funds); *Kassman v. KPMG LLP*, 2021 WL 1393296, at *4 (S.D.N.Y. Apr. 12, 2021) (approving FLSA settlement where the plaintiff's counsel received 35% of the settlement funds).

Second, the attorneys' fees are reasonable when compared to Aponte's counsel's incurred fees. Even when the proposed fees do not exceed an excessive percentage of the net settlement amount, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Santos*, 2021 WL 431451, at *2 (citation omitted). Aponte's counsel submitted "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. *See* Dkt. 31-3. These records indicate that counsel incurred over $14,040.00 in legal fees with a total of 35.1 attorney hours spent on this matter. The Court has reviewed counsel's billing records and, mindful that courts "need not, and indeed should not, become green-eyeshade accountants," does not believe that they reflect excessive work or staffing for a case of this kind and at this stage of the proceedings. *Fisher*, 948 F.3d at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). *Cf. Beckert*, 2015 WL 8773460 at *2 (noting that in a wage-and-hour case settled shortly before trial, counsel reasonably reported 44.8 hours worked).

In addition, counsel's billing rate of $400 per hour is commensurate with the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin.*, Ltd., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012) (approving $400 hourly rate); *Dougherty v. 2With Deli Corp*., 2023 WL 8432866, at *2 (S.D.N.Y. Dec. 5, 2023) (approving $500 hourly rate). Plus, the amount requested is less than the amount actually billed by Aponte's counsel. *See Perez v. Pearl River Pastry, LLC*, 2022 WL 14757824, at *3 (S.D.N.Y. Oct. 25, 2022) (approving FLSA settlement where attorney's fees were less than true lodestar amount); *Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) (same).

**CONCLUSION**

Accordingly, the Court approves the settlement and dismisses the FLSA claim with prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 7, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge